**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: Eastern District of Louisiana |
| Name (under which you were convicted):<br>Rolondo Stewart | Docket or Case No.:<br>29441, 33376-79 |
| Place of Confinement:<br>Allen Correctional Center<br>3751 Lauderdale Woodyard Road<br>Kinder, LA 70648-5908 | Prisoner No.:<br>631620 |

RECEIVED

OCT - 5 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

Rolondo Stewart v. Warden Keith Cooley

The Attorney General of the State of Louisiana, Jeffry M. Landry

**PETITION**

1.　(a) Name and location of court that entered the judgment of conviction you are challenging:

　　23rd Judicial District Court
　　Parish of Ascension
　　Gonzales, LA

　　(b) Criminal docket or case number (if you know):

　　29441, 33376-79

2.　(a) Date of the judgment of conviction (if you know):

　　(b) Date of sentencing:

　　April 22, 2015

3.　Length of sentence:　63 years total

4.　In this case, were you convicted on more than one count or of more than one crime? ☑Yes　☐　No

5.　Identify all crimes of which you were convicted and sentenced in this case:

　　Aggravated Burglary La. R.S. 14:60; Obstruction of Justice La. R.S. 14:130.1 (30); Accessory After the Fact to 1st Degree Murder La. R.S. 14:25 (30) (3 Counts); Unauthorized Use of a Motor Vehicle La. R.S. 14:68.4; Introduction of Contraband into a Penal Institution La. R.S. 14:402; Attempted 2nd Degree Murder La. R.S. 14:27 (30)

6.  (a) What was your plea? (Check one)

      ☐ (1) Not guilty             ☐ (3) Nolo contendere (no contest)

      ☑ (2) Guilty                ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes   ☑ No

8.  Did you appeal from the judgment of conviction?

      ☑ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: First Circuit Court of Appeal, Baton Rouge, LA

(b) Docket or case number (if you know): 2021-KW-1420

(c) Result: Writ Denied

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: See Exhibit 26 and 27 attached.

(g) Did you seek further review by a higher state court?    ☑ Yes   ☐ No

      If yes, answer the following:

      (1) Name of court: Louisiana Supreme Court, New Orleans, LA

      (2) Docket or case number (if you know): 2022-KH-00503

      (3) Result:

      (4) Date of result (if you know):

      (5) Citation to the case (if you know):

      (6) Grounds raised: See Exhibit 29 and 30 attached.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Docket of case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes    ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing:

       (4) Nature of the proceeding:

       (5) Grounds raised:

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

       (7) Result:

       (8) Date of result (if you know):

    (b) If you filed any second petition, application, or motion, give the same information:

       (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing:

       (4) Nature of the proceeding:

       (5) Grounds raised:

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

       (7) Result:

       (8) Date of result (if you know):

(c) If you filed any third petition, application or motion, give the same information:

(1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing:

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☐  Yes    ☐  No

    (2) Second petition:    ☐  Yes    ☐  No

    (3) Third petition:    ☐  Yes    ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Denied Due Process Amendment 2 of the Constitution of Louisiana

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court erred denying due process by non-compliance with its own mandatory law and/or inconsistent application of the law. All four (4) co-defendants have DNA evidence and statements which would be confessions of guilt of a crime as Petitioner does not have either, showing Petitioner's factual innocence. The prosecution failed to disclose material evidence favorable to Petitioner concerning his possible innocence. The arrest and court proceedings would be illegal. Id. Exhibits 1-33.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: For Direct Appeal/Post Conviction Relief; Motion to Vacate Illegal Sentence and Withdraw Guilty Plea

Name and location of the court where the motion or petition was filed: 23rd Judicial District Court, Ascension Parish, Gonzales, LA

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: First Circuit Court of Appeals, Baton Rouge, LA

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Writ of Certiorari and Rehearing of Order on Certiorari, Louisiana Supreme Court, New Orleans, LA

**GROUND TWO:** Insufficient Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was not convicted upon proof beyond a reasonable doubt. The Court erred in admitting inadmissible hearsay which would be considered the co-defendants confessions and not held against Petitioner. DNA evidence was readily available of the other co-defendants, there was no DNA of Petitioner. Id. Ex. 12, 32, and 33.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes        ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☑ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: For Direct Appeal/Post Conviction Relief; Motion to Vacate Illegal Sentence and Withdraw Guilty Plea

   Name and location of the court where the motion or petition was filed: 23rd Judicial District Court, Ascension Parish, Gonzales, LA

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

   (4) Did you appeal from the denial of your motion or petition?               ☑ Yes    ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the motion or petition was filed: First Circuit Court of Appeals, Baton Rouge, Louisiana

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Writ of Certiorari and Rehearing of Order on Certiorari, Louisiana Supreme Court, New Orleans, LA

**GROUND THREE:** Ineffective Assistance of Counsel, Amendment VI of the Constitution of the United States and Amendment 13 of the Constitution of Louisiana.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Id. Ex. 12-26 and 33.

The Court erred as the conviction was obtained in violation of the Constitution of the United States and the State of Louisiana by deprivation of effective assistance of counsel. The counsel's ineffectiveness caused the Petitioner to be incarcerated illegally and received an excessive sentence also as he/she did not bring up any defense based on DNA evidence, but for counsel's unprofessional errors the results would have been different. The counsel's advice to plea-bargain is below objective standard and show's Petitioner's appointed counsel did not prepare an adequate defense.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

     (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes      ☐ No

     (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☑ Yes    ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition: For Direct Appeal/Post Conviction Relief; Motion to Vacate Illegal Sentence and Withdraw Guilty Plea

     Name and location of the court where the motion or petition was filed: 23rd Judicial District Court, Ascension Parish, Gonzales, LA

     Docket or case number (if you know):

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

     (3) Did you receive a hearing on your motion or petition?      ☐ Yes   ☑ No

     (4) Did you appeal from the denial of your motion or petition?      ☑ Yes   ☐ No

     (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

     (6) If your answer to Question (d)(4) is "Yes," state:

     Name and location of the court where the motion or petition was filed: First Circuit Court of Appeals, Baton Rouge, Louisiana

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Writ of Certiorari and Rehearing of Order on Certiorari, Louisiana Supreme Court, New Orleans, LA

**GROUND FOUR:** Denied Equal Protection of Law

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Specific interest in the outcome of the proceedings with prejudice willfully biased intent which would distort logic and deductible rationale, otherwise not being able to give Petitioner a fair and impartial trial. Id. Ex. 1-33

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: For Direct Appeal/Post Conviction Relief; Motion to Vacate Illegal Sentence and Withdraw Guilty Plea

Name and location of the court where the motion or petition was filed: 23rd Judicial District Court, Ascension Parish, Gonzales, LA

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?          ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: First Circuit Court of Appeals, Baton Rouge, Louisiana

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Writ of Certiorari and Rehearing of Order on Certiorari, Louisiana Supreme Court, New Orleans, LA

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed or not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing: Kimya Holmes and Dennis Moore, New Orleans, LA 70119

(e) On appeal:

(f) In any post-conviction proceeding: Jeffry L. Sanford #21069, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, LA 70809

(g) On appeal from any ruling against you in a post-conviction proceeding: Jeffry L. Sanford #21069, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, LA 70809

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging:     ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in

the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Technical procedural rules should be applied less rigidly where accused voluntarily tries his own case. State v. Blankenship, La. 186, 172 So. 4 (1937). La. C.Cr.P. Article 928 provides that an application may be dismissed without an answer only "if the application fails to allege a claim which, if established, would entitle the Petitioner to relief." State v. Seymore, 570 So.2d 176, 178 (La. App. 5th Cir. 1990). "Since defendant alleged both fraud and incompetence on the part of his counsel and complained that he was misled into accepting the guilty plea, the district court erred in relying solely on the Boykin colloquy and forms to establish the knowing and voluntary nature of the plea resulting in the court's summary dismissal of defendant's application for post conviction relief."

In light of completeness of Habeas petition, rule requiring standardized form waived. Davis v. Muellar, 481 F.Supp. 888, aff'd 643 F.2d 521, cert. den. 102 S.Ct. 387, 454 U.S. 892, 70 L.Ed.2d 206 (D.C. N.D. 1979).

Id. At Ex. 30 — September 9th, 2022, postmarked, Denial Order of "Rehearing of Order on Writ of Certiorari into the Supreme Court of the State of Louisiana.

See also La. C.Cr.P. Art. 922 Finality of Judgment on appeal; La. C.Cr.P. Art 882 Correction of Illegal Sentence; review of illegal sentence.

La. Const. Art. I, Sec. 21 and Art. V., Sec. 2.

"Writ denials are not authoritative; they do not make law." Black v. Reliance Ins. Co., 433 So.2d 1040, 1044 (La. 1983).

A denial of supervisory writs is merely a decision not to exercise supervisory jurisdiction and does not bar later consideration on the merits when an appeal is taken from the final judgment. State v. Smith, 322 So.2d 197 (La. 1975).

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __10 / 3 / 22__ (month, date, year).

Executed (signed) on __10 / 3 / 22__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

STATE V. STEWART

Attachments to Habeas Petition

**GROUNDS FOR RELIEF:**

**GROUND ONE:** Witness Prior Inconsistent Statements

**SUPPORTING FACTS:** March 6th, 2012, co-defendant, Michael Aikens replied, "No" when he was asked if he knew Petitioner and later made a statement accusing Petitioner. In open court, May 8th, 2013, co-defendant Michael Aikens screamed "I told you I lied on Rolondo! He didn't do none of it! I told them to lie on him!"

**GROUND TWO:** Denial Suppression of Identification

**SUPPORTING FACTS:** Misidentification testimony and suggestive testimony was admitted into evidence while DNA evidence was readily available. Though appointed counsel was grossly ineffective a Motion to Quash Indictment was denied amongst others.

**GROUND THREE:** Denial Suppression of Evidence

**SUPPORTING FACTS:** Motions exercised to have the charges acquitted were denied. Upbringing the commencing of a guilty plea bargain in light of the inadmissible evidence it is based upon and ill-advice of counsel.

**GROUND FOUR:** Excessive Sentence

**SUPPORTING FACTS:** The plea hearing began in Docket Number 29441, on the True Bill for 3 Counts of First Degree Murder, during which part of the plea, Petitioner was not read the elements of the crimes to which a guilty plea was ultimately intended and made. After commencing the plea, counsel for the State filed new bills of information for crimes that Petitioner had never been previously arraigned.

To find that MOVANT was Boykinized under the new Bills of Information at all, the court would have to find that a discussion on a plea to charges under Docket Number 29441, was a Boykinization of charges under Docket Numbers 33376-79.

There is no way to find that Movant was properly Boykinized under the new Bills of Information, again, he was not read the elements of the crimes during the plea colloquy on Docket Number 29441, he was not formally arraigned on the new Bills of Information for Docket Numbers 33376-79. There were charges which Movant had never been arraigned previously. His counsel waived formal arraignment and entered pleas to charges that on the record were never explained or read to Movant.

The idea behind a waiver of arraignment is most definitely not to merely facilitate a guilty plea; the court having an affirmative duty to insure that the plea is made with competence, knowledge and understanding of its consequences. The failure of the Court to read Movant the charges, or adjourn for the charges to be explained and motions be filed, casts doubt on whether Movant had any understanding to what he was pleading guilty to and proves on the record the BOYKIN FORM was insufficient.

The presentence investigation read failed to include the numerous arguments of innocence of Movant who received an excessive sentence of 63 years total. Id. Ex. 2-12.

## **Exhibits Presented**

**Exhibit 1** — Motion to Produce Documents (06/24/2015)

**Exhibit 2** — Order on Motion to Produce Documents (06/24/2015)

**Exhibit 3** — Minute Entry – Bill of Information to Aggravated Burglary, Obstruction of Justice and (3) Counts Accessory after the Fact

**Exhibit 4** — Bill of Information to Aggravated Burglary, Obstruction of Justice and (3) Counts Accessory after the Fact

**Exhibit 5** — Minute Entry – Unauthorized Use of Motor Vehicle

**Exhibit 6** —Bill of Information to Unauthorized Use of Motor Vehicle

**Exhibit 7** — Minute Entry – Attempted 2nd Degree Murder

**Exhibit 8** — Bill of Information to Attempted 2nd Degree Murder

**Exhibit 9** — Minute Entry – Introduction of Contraband into a Penal Institute

**Exhibit 10** — Bill of Information to Introduction of Contraband into a Penal Institute

**Exhibit 11** — Pre-Sentence Investigation and Boykin Examination

**Exhibit 12** — Uniform Commitment Order

**Exhibit 13** — Letter to Judge Alvin Turner, Sr. (03/30/2021)

**Exhibit 14** — Letter to District Attorney Robin O'Bannon (03/30/2021)

**Exhibit 15** — Zoom Court Hearing (05/18/2021)

**Exhibit 16** — Zoom Court Hearing (08/17/2021)

**Exhibit 17** — Letter to Louisiana Supreme Court and First Circuit Court of Appeals (08/17/2021)

**Exhibit 18** — Court of Appeal and Louisiana Supreme Court Responses to Letters

**Exhibit 19** — Letter to Louisiana Supreme Court with Denial Order of Docket No. 2021-KH-01476 (10/18/2021)

**Exhibit 20** — Letter to Ascension Parish Clerk of Court (08/20/2021)

**Exhibit 21** — Response to Letter, Minute Entry, and Post Conviction Motion Filed by Attorney; Post Conviction Motion Petitioner Asked Attorney to File and State's Opposition to Motion Filed by Attorney

**Exhibit 22** — Letter to Attorney with Copies of Pro Se Motions (10/27/2021)

**Exhibit 23** — Letter to Attorney (10/27/2021)

**Exhibit 24** — Letter from Ascension Parish Clerk and Motion Filed by Attorney (10/14/2021)

**Exhibit 25** — Letter to First Circuit Court of Appeal (02/15/2022)

**Exhibit 26** — Response from First Circuit Court of Appeal and Denial Order, Letter to First Circuit Court of Appeal with Copy of Rehearing Motion (03/09/2022), Response from First Circuit Court of Appeal and Denial Order of Rehearing

**Exhibit 27** — Writ Filed by Attorney into First Circuit Court of Appeals

**Exhibit 28** — Letter to Better Business Bureau, Louisiana Bar Association, Louisiana Attorney Disciplinary Board and National Bar Association (02/28/2022) and Response to Letters

**Exhibit 29** — Copy of Writ of Certiorari; Receipts of Mailing of Writ of Certiorari (03/17/2022); Letter to Louisiana Supreme Court (04/12/2022); Letter from Louisiana Supreme Court (03/28/2022); Letter from Louisiana Supreme Court (04/22/2022); Denial Order from Louisiana Supreme Court (05/13/2022)

**Exhibit 30** — Receipts of Mailing of Rehearing of Writ of Certiorari (05/22/2022); Copy of Rehearing of Writ of Certiorari; Letter to Louisiana Supreme Court (06/21/2022); Letter from Louisiana Supreme Court (07/05/2022); Letter to Louisiana Supreme Court (08/21/2022); Letter from Louisiana Supreme Court with Denial Order of Rehearing (09/09/2022)

**Exhibit 31** — Public Records Request (09/27/2022)

**Exhibit 32** — Confessions of Co-Defendants: Michael Aikens, Bernard James and Travis Moore

**Exhibit 33** — Crime Lab Reports

Rolondo Stewart #631620
Allen Correctional Center Mercury D-2
3751 Lauderdale Woodyard Rd.
Kinder, La 70648

HABEAS CORPUS PETITION

SCREENED
OK
U.S. MARSHAL

United States District Clerk's Office
Middle District of Louisiana
777 Florida St. Ste. 139
Baton Rouge, La 70801-1712

ALLEN CORRECTIONAL CENTER
CORRESPONDENCE - NOT CENSORED

Rolando Stewart #631620
Allen Correctional Center, Mercury D-2
3751 Lauderdale Woodyard Rd
Kinder, La 70648

Exhibits #1 - #23 to Habeas Corpus Petition

SCREENED
OK
U.S. MARSHAL

United States District Clerk's Office
Middle District of Louisiana
777 Florida St. Ste. 139
Baton Rouge, La 70801 - 1712



CORRECTIONAL CENTER
CORRESPONDENCE NOT CENSORED

Rolondo Stewart #631620
Allen Correctional Center   Mercury D-2
3751 Lauderdale Woodyard Rd
Kinder, La 70648

Exhibits #24-#33 to Habeas Corpus Petition



SCREENED
OK
U.S. MARSHAL

United States District Clerk's Office
Middle District of Louisiana
777 Florida St. Ste. 139
Baton Rouge, La 70801-1712

