## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROLONDO STEWART (#631620)**                              **CIVIL ACTION NO.**

**VERSUS**                                                  **22-711-JWD-EWD**

**WARDEN KEITH COOLEY, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLONDO STEWART (#631620)                    CIVIL ACTION NO.

VERSUS                                        22-711-JWD-EWD

WARDEN KEITH COOLEY, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed by Rolondo Stewart ("Petitioner").[1] The State has filed a response, urging that Petitioner's claims are time barred under 28 U.S.C.§ 2244(d).[2] Because the Petition is untimely, dismissal with prejudice is recommended.

I.   **PROCEDURAL HISTORY**

On March 28, 2012, Petitioner was indicted by a grand jury for three counts of first degree murder in violation of La R.S. 14:30.[3] On December 16, 2014, Petitioner was indicted by bill of information with one count of aggravated burglary in violation of La. R.S. 14:60(1), one count of obstruction of justice in violation of La. R.S. 14:130.1(30), and three counts of accessory after the fact to first degree murder in violation of La. R.S. 14:25(30).[4] Additionally, on December 16, 2014, Petitioner was also indicted by bill of information for one count of unauthorized use of a motor vehicle in violation of La. R.S. 14:68.4,[5] one count of attempted second degree murder in violation of La. R.S. 14:27(30.1),[6] and one count of possession or introduction of contraband into a penal institution in violation of La. R.S. 14:402.[7]

---

[1] R. Doc. 1.
[2] R. Doc. 6, p. 1 and R. Doc. 8, pp. 10-14.
[3] R. Doc. 9-3, pp. 29-30.
[4] R. Doc. 9-1, pp. 17-18.
[5] R. Doc. 9-6, pp. 51-53.
[6] R. Doc. 9-6, pp. 54-56.
[7] R. Doc. 9-6, pp. 57-59.

On December 17, 2014, Petitioner pleaded guilty as charged to one count each of aggravated burglary, obstruction of justice, unauthorized use of a motor vehicle, introduction of contraband into a penal institution, second degree murder, and three counts of accessory after the fact to first degree murder.[8] On April 22, 2015, Petitioner received the following sentence: fifteen years hard labor for aggravated burglary, five years hard labor for obstruction of justice, two years hard labor on each count of accessory after the fact to first degree murder, five years hard labor for unauthorized use of a motor vehicle, thirty years hard labor without benefit of parole, probation or suspension of sentence for the conviction of attempted second degree murder, and two years hard labor for introduction of contraband into a penal institution.[9] The sentences were ordered to run consecutively, with defendant given credit for time served from March 2, 2012, the date of his arrest.[10]

Petitioner did not seek direct appeal or take further action until April 21, 2017 when he filed a counseled Motion to Withdraw Guilty Plea, Reverse Conviction and Vacate Sentence in state trial court.[11] Petitioner also filed a counseled Petition for Post-Conviction Relief ("PCR Petition") in the state trial court the same day.[12] On August 17, 2021, the state trial court denied relief on the Motion to Withdraw Guilty Plea, Reverse Conviction and Vacate Sentence.[13] On September 6, 2021, Petitioner filed a *pro se* "Supplemental Motion: for Direct Appeal/Post-Conviction Relief, Motion to Vacate Illegal Sentence and Withdraw Guilty Plea in the state trial

---

[8] R. Doc. 9-4, pp. 231-239.
[9] R. Doc. 9-6, pp. 102-103.
[10] R. Doc. 9-6, p. 103.
[11] R. Doc. 9-1, pp. 122-127. On October 17, 2017, the trial court held a hearing on this motion and took the matter under advisement. R. Doc. 12-11, pp. 1-44.
[12] R. Doc. 9-1, pp. 141-145. On June 5, 2017, the state trial court returned the PCR Petition to Petitioner's then counsel, because the proper order was not attached. The letter advised Petitioner to attach a new order to the petition and to refile it so that it could be processed. R. Doc. 9-1, p. 140. A refiled PCR Petition could not be located in the state court record.
[13] R.Doc., 12-13, p. 1-7.

2

court.[14] Petitioner filed a Notice of Intent to Apply for writs to seek review of the trial court's denial of the Motion to Withdraw Guilty Plea, Reverse Conviction and Vacate Sentence on September 24, 2021,.[15] The Louisiana Court of Appeal for the First Circuit ("First Circuit") denied Petitioner's writ application on January 31, 2022.[16] The First Circuit denied Petitioner's February 23, 2022 application for rehearing on March 8, 2022.[17] Petitioner then sought review with the Louisiana Supreme Court, which summarily denied the writ application.[18] Petitioner's application for reconsideration was denied by the Louisiana Supreme Court on September 7, 2022.[19] On or about October 3, 2022, Petitioner filed the Petition in this Court.[20]

## II. LAW AND ANALYSIS

### A. The Petition is Untimely

The Court addresses first whether Stewart's Petition is timely. Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to federal habeas corpus claims brought by prisoners in state custody. This limitation period begins to run on the date the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[21] The federal limitations statute provides, however, that the time during which a "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the

---

[14] R. Doc. 9-4, pp. 208-212.
[15] R. Doc. 9-4, p. 206.
[16] R. Doc, 9-2, p. 10; *State v. Stewart*, 2021-1420 (La. App. 1 Cir. 1/31/22), 2022 WL 293066 (unpublished writ action).
[17] R. Doc. 9-2, p. 15 and R. Doc. 9-2, p. 19.
[18] *State v. Stewart*, 2022-363 (La. 5/10/22), 337 So.3d 909 (mem) and *State v. Stewart*, 2021-1476 (La. 6/1/22), 338 So.3d 494 (mem).
[19] *State v. Stewart*, 2022-503 (La. 9/10/22), 345 So.3d 421 (mem).
[20] R. Doc. 1. The "prison mailbox rule" was adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-73 (1988). Accordingly, this Report uses the date the Petition was signed and dated as the date of filing, rather than the date the filing was received by the Court.
[21] 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 and 150 (2012).

state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[22]

Pursuant to Louisiana Code of Criminal Procedure article 914(B), Petitioner had thirty days after the April 22, 2015 sentencing, within which to appeal his conviction and sentences.[23] Because he did not file a direct appeal, Petitioner's convictions and sentences became final on May 26, 2015.[24] Petitioner then had one year from that date, or until May 27, 2016, to timely file his petition for writ of habeas corpus in federal court. Because Petitioner did not file his federal habeas petition until more than 6 years after his conviction became final, the Petition is untimely. Nor did Petitioner file any appeals or applications for state post-conviction relief or other collateral review that were pending between sentencing and when his time to seek federal habeas relief expired that would have tolled the prescriptive period. Since Petitioner's post-conviction filings were not made until 2017 at the earliest, they could not toll the one-year time limitation as it had already expired. Petitioner's habeas application is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).

### B. Petitioner Is Not Entitled to Statutory or Equitable Tolling

This Court must dismiss Petitioner's untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless he can establish entitlement to statutory or equitable tolling of the limitations period. To establish statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that

---

[22] 28 U.S.C. § 2244(d)(2).
[23] La. Code Crim. P. art. 914 provides, in pertinent part:

> A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk….
>
> B. The motion for an appeal must be made no later than:
>
> (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

[24] Thirty days after April 22, 2015 would fall on Saturday, May 23, 2015. Additionally, May 25, 2015 was Memorial Day. Under Louisiana law, weekends and holidays are excluded from the time calculation. La. Code Civ. Proc. art. 5059 and La. R.S. § 1:55.

4

some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[25] As to whether equitable tolling is warranted, courts are instructed to take a holistic approach—there is no bright line rule[26]—however, equitable tolling is only available "in rare and exceptional circumstances."[27] It is the petitioner's burden to demonstrate that equitable tolling is warranted which generally requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[28] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[29] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[30] Further, equitable tolling "is not intended for those who sleep on their rights."[31] This means that a federal habeas petitioner is required to act with diligence[32] and promptness both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[33]

Here, Petitioner does not present any argument that he is entitled to statutory or equitable tolling. There is no state-created impediment readily apparent from the record that would entitle him to statutory tolling. As to equitable tolling, Petitioner did not file any attempt to challenge his

---

[25] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[26] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[27] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[28] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[29] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).
[30] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000).
[31] *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).
[32] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653, 130 S.Ct. 2549, 2562-63, 2565, 177 L.3d.2d 130 (2010) (internal quotation marks omitted).
[33] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4-5 (E.D. Tex. Mar. 1, 2010).

5

guilty plea until more than a year after his conviction had become final. While it appears that he diligently pursued post-conviction relief through the Louisiana courts from that point on, it was too late.[34] The unexplained delay in taking any action with regard to his conviction along with Petitioner's failure to show that he was prevented in any extraordinary way from filing his federal application in a timely fashion supports a finding that he would not be entitled to equitable tolling even if he had sought it.

### C. Petitioner Has Not Established a Viable Actual Innocence Claim

A plea of actual innocence can also overcome AEDPA's one-year statute of limitations.[35] In *McQuiggins*, the Supreme Court cautioned, however, that for a viable actual-innocence claim a petitioner must persuade the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[36] Petitioner references factual innocence in the supporting facts for Ground One, stating "All four (4) co-defendants have DNA evidence and statements which would be confessions of guilt of a crime as Petitioner does not have either, showing Petitioner's factual innocence."[37] Petitioner further explains that Ground One is based on the testimony of co-defendant Michael Aikens, who made a statement accusing Petitioner but later stated in open court that he lied and that Petitioner did not commit the crime.[38] Petitioner's other grounds for habeas relief are based on ineffective assistance of counsel, lack of sufficient, properly admissible evidence to support his conviction, and that his sentence is excessive.

---

[34] A petitioner's diligence is generally examined at three stages when he seeks to toll the period between the denial of a state habeas petition and the filing of his federal application. *Jackson v. Davis,* 933 F.3d 408, 413 (5th Cir. 2019). First, is how long the petitioner waited to file for state habeas relief. Second, is whether the petitioner checked on the status of his pending state application. Third, is how promptly a petitioner files his federal petition after learning that his state petition was denied. *Id.*
[35] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).
[36] *Id.* at 395.
[37] R. Doc. 1, p. 4.
[38] R. Doc. 1, p. 13.

6

Here, Petitioner pleaded guilty to crimes for which he was convicted. While a guilty plea does not automatically bar a defendant from invoking the actual innocence exception to overcome untimeliness, other courts have held that a guilty plea "seriously undermines" that claim.[39] Additionally, the evidence upon which Petitioner relies for his claim of innocence is not newly-discovered, nor does the fact that a co-defendant made inconsistent statements support that Petitioner is actually innocent of the crimes he admitted to. Accordingly, Petitioner has not made a sufficient showing of actual innocence to overcome his untimely filing of the federal habeas petition.

### D.  Certificate of Appealability Should be Denied

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[40] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[41] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[42] Where the Court has rejected constitutional claims on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[43] In the instant case, reasonable jurists would not debate the denial of

---

[39] *See Fontenelle v. Narcisse*, No. 21-388, 2021 WL 5418125, at * 12 (E.D. La. Sept. 28, 2021) (collecting cases).
[40] 28 U.S.C. § 2253 (c)(1)(A).
[41] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[42] 28 U.S.C. § 2253(c)(2).
[43] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

Petitioner's application as untimely or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### III. RECOMMENDATION

As the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Rolondo Stewart,[44] is untimely, **IT IS RECOMMENDED** that the application be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[44] R. Doc. 1.